# EXHIBIT 1 - COMPLAINT

COPY

1

**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN** (SBN: 277557)

2

400 S. Beverly Drive, Suite 240
Beverly Hills, California 90212

3

Tel:    (310) 856-9705
Fax:    (888) 734-3555

4

mtrauben@singhtraubenlaw.com

5

*Attorneys for Plaintiff*

6

SMOKESTACK LIGHTNING, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 1 7 2016

Sherri R. Carter, Executive Office/Clerk
By: _____, Deputy
Ishayla Chambers

7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8

**COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9

SMOKESTACK LIGHTNING, LLC, a

10

California limited liability company,

11

            Plaintiff,

12

    v.

13

DANIEL QUINE AUERBACH, an individual,

14

Q PRIME, INC., a Tennessee corporation, and
DOES 1-20 inclusive,

15

16

            Defendants.

17

) [Unlimited Jurisdiction]
)
)
) Case No.: BC 6 3 0 7 1 1
)
) **COMPLAINT for:**
)
)     1.  **BREACH OF VERBAL AGREEMENT;**
)     2.  **VIOLATIONS OF CAL. BUS. & PROF.**
)         **CODE § 17200 UNFAIR BUSINESS**
)         **PRACTICES;**
)     3.  **BREACH OF THE COVENANT OF**
)         **GOOD FAITH AND FAIR DEALING;**
)         *and*
)     4.  **NEGLIGENT MISREPRESENTATION**
)

18

    Plaintiff Smokestack Lightning, LLC ("Smokestack Lightning" or "Plaintiff"), by and through

19

its undersigned counsel, hereby files its Complaint against Defendants Daniel Quine Auerbach

20

("Auerbach"), Q Prime, Inc. ("Q Prime") (collectively referenced as "Defendants") and DOES 1-20

21

inclusive, and, in support thereof, alleges as follows:

22

**THE PARTIES**

23

    2.    Plaintiff Smokestack Lightning is a California limited liability company with its

24

principal place of business in Los Angeles County, California.

25

    3.    Plaintiff Smokestack Lightning was formed to develop and produce the motion picture

26

documentary entitled *Smokestack Lightning: The Legendary Howlin' Wolf* (the "Picture") regarding the

27

storied life of Chester Arthur Burnett p/k/a Howlin' Wolf ("Burnett"), a Chicago blues singer, guitarist

28

and harmonica player from Mississippi.

Singh,
Singh &
Trauben,
LLP

1

4.      Upon information and belief, Defendant Auerbach is an American musician and record producer best known as the guitarist and vocalist for *The Black Keys*, a blues rock band from Akron, Ohio.

5.      Upon information and belief, Defendant Q Prime is a Tennessee limited liability company with its principal places of business in Nashville, Tennessee and New York, New York.

6.      Upon information and belief, Defendant Q Prime represents various prominent artists, including *The Black Keys*, *Red Hot Chili Peppers* and *Metallica*, who provide performance services across the globe, including Los Angeles County, California.

7.      The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of Court to amend this Complaint and insert the true names and capacities of DOES when they have been ascertained.

8.      Plaintiff is informed and believes and, on that basis alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by DOES.

9.      Plaintiff is informed and believes and, on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were actually and proximately caused by their conduct.

10.     Plaintiff is informed and believes and, on that basis alleges that at all times material hereto, each Defendant has authorized, approved, ratified and/or endorsed the acts of each remaining Co-Defendant.

## JURISDICTION AND VENUE

11.     The harms and obligations sued upon were incurred and occurred in the County of Los Angeles.

12.     Jurisdiction is premised on the fact that the damages suffered by Plaintiff are in excess of the minimum sum required for jurisdiction in the Superior Court of the State of California.

13.     This Court has personal jurisdiction over Defendants on the grounds that all Defendants conduct or transact substantial business activities and contract to supply goods and services in this State

Singh,
Singh &
Trauben,
LLP

and Defendants have purposefully availed themselves of the jurisdiction of this Court by transacting business in this State.

14.     Defendants have marketed, promoted and distributed their goods and services in this State and maintain sufficient minimum contacts with this State and/or sufficiently avails themselves of the markets in this State through their promotion, sales, distribution and marketing to render the exercise of jurisdiction over Defendants by this Court permissible.

15.     Venue and jurisdiction are also proper in Los Angeles County, California as a substantial portion of the transactions, including subject agreement, have occurred in this State and County.

### ALLEGATIONS COMMON TO ALL CLAIMS

16.     In or around 2012, Plaintiff began developing the documentary Picture regarding the storied life of Chester Arthur Burnett p/k/a Howlin' Wolf, a Chicago blues singer, guitarist and harmonica player, from Mississippi.

17.     Among others, the Picture featured Defendant Auerbach, Sam Phillips, Jimmy Page, Kirk Hammett, Bill Wyman, Hubert Sumlin, Taj Mahal, Buddy Guy, Jim Dickinson, Koko Taylor, Charlie Musselwhite, Barry Goldberg, Jim Dickinson, Honeyboy Edwards, and Sam Lay, including approximately 60 valuable additional interviews.

18.     Thereafter, in or around late 2012, based in part upon Defendant Auerbach's prior participation in an interview for the Picture, Plaintiff and Defendants began discussing Defendant Auerbach's interest in becoming further and directly involved with the Picture, including Auerbach's interest in assuming the role of Director and Executive Producer of the Picture.

19.     While, at this time, the Picture was in post-production, as explained by Plaintiff, Auerbach maintained a personal and particularized vision and inspiration for the Picture, and one in which he desired to see come to fruition.

20.     Defendants immediately expressed interest and excitement towards the prospect of Auerbach taking control of the project, and, soon thereafter, Plaintiff and Defendant Auerbach entered into a verbal agreement whereby, in exchange for, among other things, approximately 9% of the profits derived from the exploitation of the Picture and the credits of Director and Executive Producer,

Singh,
Singh &
Trauben,
LLP

3
COMPLAINT

**003**

Defendant Auerbach expressly promised and agreed to, among other things, assume and perform in the roles of Director and Executive Producer of the Picture until its completion, in addition to allowing the use of Defendant Auerbach's name and likeness in connection with the marketing and promotion of the Picture (the "Agreement").

21.    As an express condition of the parties' Agreement, Auerbach demanded that, at all times, he maintain complete and unfettered creative control over the Picture in his sole discretion, and that Plaintiff readily adhere to all of his directives related to conforming the Picture to his particular vision, which, upon his assumption of the duties of Directors and Executive Producer, deviated significantly from the Picture as presently constituted.

22.    In conformance with, and ratification of, the parties' Agreement, Defendant Auerbach, in proactively assuming the role of Director and Executive Producer of the Picture, quickly demanded certain material alterations and vast expansions to the then existing Picture, including, without limitation, that certain pre-existing interviews be re-shot from scratch, the conducting of numerous additional interviews, that additional materials and footage be located and gathered from various locations interspersed throughout the country, the licensing of specific copyrighted photographs, the retention of a new writer, the drafting of textured story outlines, and the adoption and use of an entirely new camera and filming format.

23.    Based upon these directives and instructions from Defendant Auerbach in his role as Director and Executive Producer, Plaintiff performed all of the above tasks and incurred the substantial corresponding expenses necessary to facilitate Auerbach's divergent and expansive personal vision for the Picture.

24.    Ostensibly required to fulfill his personal vision, Defendant Auerbach further demanded that Plaintiff engage the services of Auerbach's designated editor and friend, Reid Long ("Long") in connection with a litany of various projects. These miscellaneous additional services procured by Auerbach and at Auerbach's insistence necessarily encumbered Plaintiff with substantial "editing", "story writing" and "research" fees, all of which Auerbach directed Plaintiff to incur without question.

25.    Throughout this protracted process, if, at any time, Plaintiff expressed even a modicum of discomfort or unease with the significant additional expenditures Auerbach was demanding,

Singh,
Singh &
Trauben,
LLP

including with respect to significantly exceeding the Picture's budget, Auerbach and his team tacitly made clear that if Auerbach's personal vision was not realized by virtue of Plaintiff not incurring all the demanded expenses, Auerbach would consider refusing to see the Picture through to completion as promised and agreed.

26.   Accordingly, Plaintiff acquiesced to all of Auerbach's requests and directives, incurring all costs as necessary for the Picture to realize Auerbach's express personal vision.

27.   Nonetheless, prior to the completion of the Picture, ostensibly based upon Defendant Auerbach's desire to pursue other projects and corresponding scheduling conflicts, Defendant Auerbach opted to materially breach the parties' Agreement, failing and/or refusing to complete the performance of his contractual duties as Director and Executive Producer.

28.   All conditions precedent to the bringing of this action have occurred, been waived or performed.

**COUNT I**
**BREACH OF ORAL AGREEMENT**
***(By Plaintiff as Against Defendant Auerbach)***

29.   Plaintiff repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 28 inclusive, and incorporates those allegations by reference as though set forth in full.

30.   In or around the fourth quarter of 2012, Defendant and Plaintiff entered into the Agreement, whereby, in exchange for, among other things, approximately 9% of the Picture's profits and the credits of Director and Executive Producer, Defendant Auerbach expressly promised and agreed to, among other things, assume the roles of the Director and Executive Producer of the Picture until its completion, in addition to allowing the use of Defendant Auerbach's name and likeness in the marketing and promotion of the Picture.

31.   In material and justifiable reliance upon the Agreement, Plaintiff expended significant time, effort and resources at Defendant Auerbach's express direction.

32.   Plaintiff performed and fulfilled all of its material obligations pursuant to the Agreement, or, in the alternative, any failure of Plaintiff to perform or fulfill its material obligations pursuant to the parties' Agreement is a direct and/or proximate result of Defendant Auerbach's material breaches and/or refusal to, among other things, complete the performance of his contractual obligations.

Singh,
Singh &
Trauben,
LLP

33.     Defendant Auerbach intentionally and materially breached the Agreement by refusing to complete the performance of his contractual obligations.

34.     As a direct and proximate result of Defendant Auerbach's material and continuing breaches of the Agreement, Plaintiff has suffered significant and extensive damages and financial injury in an amount to be proven at trial, plus prejudgment interest at the statutory rate.

**COUNT II**
**VIOLATION OF CAL. BUS. & PROF. CODE § 17200 UNFAIR BUSINESS PRACTICES**
***(By Plaintiff as Against all Defendants)***

35.     Plaintiff repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 34 inclusive, and incorporates those allegations by reference as though set forth in full.

36.     Defendant Auerbach's conduct constitutes an unfair practice under California Business & Professions Code sections 17200, *et seq.*, which imposes penalties for "any unlawful, unfair, or fraudulent business act or practice."

37.     Under California law, a breach of a contract may form the predicate for a violation of California Business & Professions Code § 17200 claim where it also constitutes conduct that is unlawful, or unfair or fraudulent.

38.     Defendant Auerbach, by and through his unfair business practices, have violated section 17200's "unfair" prong.

39.     Defendant Auerbach has engaged in unfair business practices in violation of California Business & Professions Code § 17200 and related provisions, as reflected by, among other things:

- Defendant Auerbach's intentional failure and refusal to complete the performance of his contractual obligations;

- Defendant Auerbach's failure and refusal to reimburse Plaintiff's documented costs incurred and expended in material reliance upon Defendant Auerbach's promises and demands, including the parties' Agreement; *and*

- Defendant Auerbach, after assuming the roles of Director and Executive Producer, inducing Plaintiff to perform all of the above-referenced tasks while incurring the corresponding costs and expenses to facilitate Auerbach's vision for the Picture, only to abandon the entire project and refuse to reimburse the cost and expenses Plaintiff

COMPLAINT

Singh,
Singh &
Trauben,
LLP

incurred at his behest.

40.     Defendant Auerbach's actions, as alleged herein, constitute an unfair business practice, because they caused Plaintiff injury that is substantial, not outweighed by any countervailing benefits to consumers or competitors, and could not reasonably have been avoided.

41.     Defendant Auerbach's conduct constituting unfair business practices, as alleged herein, was a substantial factor in causing Plaintiff's injuries, and based on the foregoing, Plaintiff seeks restitution and other equitable relief to redress Defendant Auerbach's unfair business practices.

## COUNT III
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (*By Plaintiff as Against Defendant Auerbach*)

42.     Plaintiff repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 41 inclusive, and incorporates those allegations by reference as though set forth in full.

43.     Defendant Auerbach owed a duty to deal both fairly and in good faith with Plaintiff.

44.     Defendant Auerbach breached the implied covenant of good faith and fair dealing by unilaterally terminating and then breaching the Agreement to unfairly frustrate and deny Plaintiff's right to receive the contractual benefits thereof, to which it is clearly entitled.

45.     Defendant Auerbach breached and continues to breach the implied covenant of good faith and fair dealing by refusing to complete his contractual obligations.

46.     By abandoning his contractual obligations, in addition to attempting to deny any previous obligations towards the Picture, Defendant Auerbach has further unfairly frustrated the purpose of the Agreement.

47.     As a direct and proximate result of Defendant Auerbach's material breaches of the Agreement, Plaintiff has been damaged in an amount to be proven at trial, plus prejudgment interest at the statutory rate.

48.     Plaintiff fully performed all of its obligations under the Agreement.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
### (*By Plaintiff as Against All Defendants*)

49.     Plaintiff repeats and re-alleges each and all of the allegations contained in paragraphs 1 through 48 inclusive, and incorporates those allegations by reference as though set forth in full.

Singh,
Singh &
Trauben,
LLP

7
COMPLAINT

007

50.     All Defendants led Plaintiff to believe that Defendant Auerbach's professional schedule permitted the completion of all his assumed contractual obligations pursuant to the Agreement, including affording Defendant Auerbach sufficient time to direct and produce the Picture to completion.

51.     Defendants, at all times herein, knew or should have known that these representations as to Defendant Auerbach's professional schedule and ability to complete his performance under the Agreement, were inaccurate.

52.     Defendants made these misrepresentations to induce Plaintiff to repose significant trust and confidence in Defendants in incurring significant additional costs and expenses in connection with the production of the Picture at Defendants' behest and directive.

53.     In reliance upon these material representations, Plaintiff proceeded to perform in accordance with the Agreement, assumed all of the above-referenced tasks and incurred substantial expenses at Auerbach's behest to facilitate Defendant Auerbach's vision for the Picture.

54.     As a direct and proximate result of Defendants' negligent misrepresentations, Plaintiff has suffered significant and extensive damages and financial injury in an amount to be proven at trial, plus prejudgment interest at the statutory rate.

### PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing, Plaintiff Smokestack Lightning, LLC respectfully requests that this Court enter a final judgment in its favor and as against Defendants Daniel Quine Auerbach and Q Prime, Inc., as follows:

a.     On all causes of action:

    ii.     For not less than $100,000.00;

    iii.    For all actual, general, special, economic and compensatory damages according to proof at trial;

    iv.     For pre-judgment interest on all damages, at the legal rate;

    v.      For costs of suit; *and*

    vi.     For such other relief as the Court deems just and proper.

b.     On the Second Cause of Action:

Singh,
Singh &
Trauben,
LLP

i.    That Defendant Auerbach pay statutory damages and provide to Plaintiff any other relief available under California Business and Professions Code §§17200 *et seq*;

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: August 17, 2016

Respectfully Submitted,

**SINGH, SINGH & TRAUBEN, LLP**
**MICHAEL A. TRAUBEN**

By: _____
    Michael A. Trauben

***Attorneys for Plaintiff***
SMOKESTACK LIGHTNING, LLC

Singh,
Singh &
Trauben,
LLP

9
COMPLAINT

**009**